BARRY, Judge.
This appeal is from a judgment which held that the St. Bernard Parish Police Jury was not responsible for maintenance of a canal which caused property damage.
Plaintiffs are a civic association and property owners in Corinne Park Subdivision and Corinne Park Extension Number Two situated in St. Bernard Parish. They sued the parish police jury for damages to their homes which allegedly occurred from periodic overflowing of the Kierr Canal allegedly due to lack of maintenance. Following a pre-trial conference the litigants stipulated the following contested issues of law for determination:
*439 1. Is the St. Bernard Parish Police Jury charged with the responsibility for the operation, maintenance and control of the Kierr Canal?
2. By the Act of Dedication of the drainage canal to the Parish of St. Bernard, the approval of the plans for road and drainage for Corinne Park by the Parish engineer, and acceptance of the off-site improvements by St. Bernard Parish, did the Police Jury accept responsibility for the maintenance and control of the Kierr Canal?
3. Was the Police Jury’s action in widening the Kierr Canal in 1974, the periodic cleaning out of the Canal, and the installation of drainage pipe, evidence of the Police Jury’s assumption of responsibility for maintenance, operation and control of the Canal?
4. By the performance of the work set forth in (3) above, is the Police Jury estopped from denying responsibility for maintenance and operation of the Canal?
5. Does the Police Jury have a duty to maintain the Canal so as to facilitate the flow of drainage through the Corinne Park Subdivision and Corinne Park Extension Number Two?
The District Court dismissed plaintiffs’ lawsuit holding that the legislature vested responsibility for drainage in St. Bernard Parish to the Lake Borgne Basin Levee District[1] and that the St. Bernard Parish Police Jury did not expressly or tacitly accept responsibility for operation, maintenance, and control of the Kierr Canal.
A survey of Corinne Park Subdivision refers to a “proposed canal” and was accepted by the Parish engineer on June 22, 1952. Also in the record is a drainage design plan specifically for Corinne Park that refers to the canal as “outfall canal” and was approved by the Parish engineer. The road design plan for the subdivision includes a servitude for an outfall canal measuring 20.83 feet which was also approved by the Parish engineer on June 20,1953. It is uncontested that the canal in the survey, drainage and road design plans refers to the Kierr Canal.
Developers of the subdivision, by Act of Dedication on August 24, 1954, dedicated the Canal to St. Bernard Parish. On November 5, 1957 the St. Bernard Parish Police Jury by resolution accepted “... the off-site improvements from the St. Bernard Highway No. 1 (State Highway No. 39) to Claiborne Avenue for public use and perpetual maintenance; the said off-site improvements consisting of the concrete street known as Corinne Avenue from St. Bernard Highway No. 1 (State Highway No. 39) to Claiborne Avenue, and the concrete gutter bottom extensions, concrete curbing, and also the drainage system thereof, including catch basins and drainage lines.”
The Kierr Canal extends from St. Bernard Highway to the 20-Arpent Canal. Water flows from the streets into the drainage lines and through the pipes into the Canal which drains into the 20-Arpent Canal. From the maps, surveys, plans, and documents in evidence, it appears the Kierr Canal is an integral and essential part of the drainage system in the subdivision.
The Police Jury points out that responsibility for drainage in St. Bernard Parish is vested in the Lake Borgne Basin Levee District[2] under the provisions of LSA-R.S. 38:1076(D)[3] and LSA-R.S. 38:113 [4] and that *440 it has never exercised its discretionary authority under LSA-R.S. 33:1236(13)[5]. Further, the Police Jury argues that its November 5, 1957 resolution accepting the “drainage system” excluded the Kierr Canal since it was not expressly included.
On several occasions the Police Jury employed persons to clean out or perform other work on the Kierr Canal. In 1974 the Police Jury contracted for mucking and cleaning and on December 1, 1978 contracted for installation of culverts and catch basins. Depositions of Parish employees reveal that the Police Jury was aware of the drainage and flooding problems which developed from erosion, silt buildup in culverts, and loss of soil from rear yards.
We agree with the District Court that the Levee District has the primary responsibility for drainage in St. Bernard Parish and that the Police Jury has the authority to maintain drainage canals if they elect to do so. In very well prepared reasons for judgment the District Judge refers to the Act of Dedication and Police Jury resolution accepting the off-site improvements and concludes:
“It is readily apparent that the Police Jury did not accept the act of dedication of the proposed drainage canal. The resolution specifically states what the Police Jury was accepting and the fact that the canal was not mentioned, particularly in the light of the Act of Dedication, is a clear expression of their intention not to accept responsibility of the canal.” (emphasis in original)
We disagree and feel the language and intent of the resolution is clear and unambiguous in its resolve:
“THEREFORE BE IT RESOLVED, that the Police Jury of the Parish of St. Bernard accepts the off-site improvements from the St. Bernard Highway No. 1 (State Highway No. 39) to Claiborne Avenue for public use and perpetual maintenance; the said off-site improvements consisting of the concrete street known as Corinne Avenue from St. Bernard Highway No. 1 (State Highway No. 39) to *441 Claiborne Avenue, and the concrete gutter bottom extensions, concrete curbing, and also the drainage system thereof, including catch basins and drainage lines.” (emphasis supplied)
We fail to see how this language can exclude the Kierr Canal when it is an integral part of the drainage system without which there would be no water flow and drainage in the subdivision. The fact that the Canal was not mentioned by name is immaterial because of its primary and essential function in the drainage system. The Police Jury had no reason to include the “drainage system” in its resolution if it only intended to accept the catch basins and drainage lines.
Once the Police Jury elected to assume responsibility of the Kierr Canal it had the duty to provide proper maintenance to insure the normal flow of drainage through Corinne Park and is liable for failing to do so.
A stipulation was signed by the parties which stated that the issue of liability had been submitted to tb Court, and if the defendants were case m judgment each plaintiffs’ recovery was specified.
Accordingly, the judgment of the District Court is hereby reversed and set aside and judgment is now entered in favor of the plaintiffs and against the defendant, in soli-do, in the following amounts:
Mrs. N. P. McCrim-mon $ 350.00
Joseph Juneau 785.00
Lawrence Brown 60.00
William Dunlap 300.00
Claiborne T. Baye 700.00
George Martin 325.00
Herbert Buras 330.00
Mr. & Mrs. James Guarino 2,100.00
Harold Bonck 1,100.00
Legal interest is due to each plaintiff from judicial demand until paid.
Costs of this appeal are assessed against the St. Bernard Parish Police Jury subject to limitation by law.
REVERSED AND RENDERED.

. By Act 237 of 1948 the Chalmette Back Levee District had primary responsibility for drainage in St. Bernard Parish until 1964 when it was consolidated into the Lake Borgne Basin Levee District.

. The Levee District passed a resolution on February 19, 1974 asserting that it had no responsibility for the Kierr Canal based upon a study by the Louisiana Department of Public Works.

. LSA-R.S. 38:1076. General powers and duties of board
* * * * * *
D. The board shall be invested with the control of all public levees, back levees and levee drainage structures and all operating equipment in the district, with authority to require the Department of Public Works to lay out, furnish estimates, and perform all engineering work necessary to the location, construction and repairs of the levees and levee drainage, *440 reserving, however, the right to the parishes in which the levees are located, also to provide funds and to construct and repair levees and levee drainage and exercise the powers now granted to them by law.
******

. LSA-R.S. 38:113. Control of drainage channels in levee and drainage districts
The various levee and drainage districts shall have control over all public drainage channels within the limits of their districts and for a space of one hundred feet on each side of the channel, selected by the district and recommended and approved by the Department of Public Works, whether the drainage channels have been improved by the levee or drainage district, or have been adopted without improvement as necessary parts of or extensions to improved drainage channels, and may adopt rules and regulations for preserving the efficiency of the drainage channels.

. LSA-R.S. 33:1236. Powers of police jury The police juries shall have the following powers:
* * * * * *
(13) To construct and maintain drainage, drainage ditches, and drainage canals; to open any and all drains which they may deem necessary and to do and perform all work in connection therewith; to cut and open new drains, ditches and canals, to acquire lands for necessary public purposes, including rights of way, canals and ditches by expropriation, purchase, prescription or by donation; to enter into contracts for the construction of such drainage works, and to purchase machinery and have the work performed under their own supervision; to allocate, use and expend the general alimony of the parish for any of the above purposes; to incur debt and issue bonds for drainage and drainage canals in the manner provided for by Subtitle II of Title 39; and use such other funds as may be legally expended for such purposes; to levy taxes for the maintenance of said drainage works in the manner provided for and under the authority of Article X, Section 10 of the Constitution of the State of Louisiana, as amended, and to construct any works and do any and all things necessary to effect proper drainage and carry this Paragraph into effect; to enter into contracts or agreements, under such terms and conditions as may be mutually agreeable with the State of Louisiana, through the Department of Public Works for the securing of State aid for the purposes herein authorized; ... They may perform all other acts necessary to fully drain all the land in their respective parishes and maintain such drainage when established. This Paragraph is intended to furnish additional means whereby parishes in the State of Louisiana may accomplish the objects and purposes herein referred to, and shall be liberally interpreted.