STEWART, J.,
concurring.
|!Pursuant to La. R.S. 33:1236(13), police juries have the power to maintain drainage in their respective parishes. In Corinne Park Civic Ass’n v. Police Jury of St. Bernard Parish, 416 So.2d 106 (La.1982), homeowners and a civic organization sued the St. Bernard Parish Police Jury for damages due to the periodic overflow of the Kierr Canal. They alleged lack of maintenance by the police jury, which denied having the responsibility for drainage in the parish and asserted that it never undertook to maintain the canal pursuant to the discretionary authority to do so under La. R.S. 33:1236(13). The supreme court rejected these arguments and affirmed the appellate court’s determination that the police jury assumed responsibility for maintaining the canal. The record showed that the canal was an integral part of the subdivision’s drainage system as shown by the subdivision survey, drainage plan, and Act of Dedication. The matter was remanded for a determination of whether the police jury was liable for faulty maintenance.
As discussed in this court’s opinion, a dedication of a right-of-way to the Police Jury was effected by the filing and acceptance of the subdivision plat. Moreover, the record shows that the Police Jury acted under its statutory authority to maintain drainage on three occasions by filling the sinkholes reported by Theresa Kruse and then by the Petchaks. Having 12accepted the subdivision plat and then *856 undertaken to address and correct the drainage-related problems reported by these homeowners, the Police Jury assumed the responsibility for the defective drainage system and had the duty to properly maintain it.
APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, DREW and LOLLEY, JJ.
Rehearing denied.